IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|        Respondent/Plaintiff,     ) | |
| vs.                                                        ) | No. 3:99-CR-0279-P (01) |
|                                               ) | No. 3:03-CV-1075-P |
| CHARLES NGI TAMFU, ID # 33436-077, ) | |
|        Defendant/Movant.            ) | |

### MEMORANDUM OPINION AND ORDER

In May 2003, movant, a prisoner currently incarcerated in the federal prison system, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

### I. BACKGROUND

On November 3, 1999, movant pled guilty to conspiring to possess and utter counterfeit securities. (Tr. of Rearraignment at 1, 8.) Consistent with his plea, movant stipulated that he (1) manufactured counterfeit securities "using a computer scanner and printer"; (2) manufactured counterfeit identification and driver license cards; and (3) supplied such counterfeit documents to co-conspirators. (*See* Factual Resume at 2.) In addition, he waived his right to appeal his conviction and sentence, and further waived his right to contest his conviction and sentence in any collateral proceeding, including a motion to vacate filed pursuant to 28 U.S.C. § 2255. (Plea Agreement at 3-4.) Nevertheless, he specifically reserved the right to appeal or contest in a post-conviction proceeding (a) any sentence exceeding forty-one months imprisonment, (b) any sentence exceeding the statutory maximum punishment, (c) any upward departure from the guideline range deemed applicable by the district court, (d) any arithmetic error at sentencing, and (e) ineffective assistance of counsel. (*Id.* at 4.)

On January 19, 2000, the Court sentenced movant to forty-five months imprisonment. (Judgment at 2.) On March 2, 2000, the Fifth Circuit Court of Appeals dismissed movant's appeal because he moved to voluntarily dismiss it. *See United States v. Tamfu*, No. 00-10104, slip op. at 1 (5th Cir. Mar. 2, 2000). In May 2001, movant filed his initial motion to vacate. (*See* Mot. Vacate received May 22, 2001, [hereinafter Mot. Vacate I], at 1.) Three months later, the Court allowed him to voluntarily dismiss that motion without prejudice. (*See* Mem. & Order of Aug. 14, 2001, at 1-2.)[1] After that dismissal, movant filed a second motion to vacate, (Mot. Vacate received Aug. 31, 2001, [hereinafter Mot. Vacate II], at 1), that the Court denied as untimely on October 15, 2002, (*see* Mem. & Order of Oct. 15, 2002, at 15).[2]

In the instant motion to vacate filed in May 2003, movant seeks to vacate his conviction because the government allegedly suppressed a four-page examination report generated by the United States Secret Service which states that on June 1, 1999, the Secret Service examined two computers, two computer diskettes, and a zip disk, but found no "information of evidentiary value."[3] (Mot. Vacate received May 19, 2003, [hereinafter Mot. Vacate III], at 2 and Ex. B attached thereto.) Movant characterizes the report as an exculpatory document withheld from him in viola-

---

[1] An electronic version of this memorandum and order is found at *United States v. Tamfu*, Nos. 3:99-CR-0279-P(01), 3:01-CV-1719-P, 2001 WL 1006069 (N.D. Tex. Aug. 14, 2001).

[2] An electronic version of the October 15, 2002 memorandum and order is found at *United States v. Tamfu*, Nos. 3:99-CR-0279-P(01), 3:01-CV-1719-P, 2002 WL 31452410 (N.D. Tex. Oct. 5, 2002). Although the date of the Westlaw version differs from the original memorandum and order of this Court, the Westlaw version nevertheless sets forth the text of the October 15, 2002 memorandum and order.

[3] Although the government points out that movant provides nothing to link the alleged suppressed report to his criminal case, the Court assumes for purposes of this § 2255 action that the report reveals testing done on relevant computer equipment. Testing done on computer equipment unrelated to movant's criminal case would be immaterial to a challenge to movant's conviction.

2

tion of *Brady v. Maryland*, 373 U.S. 83 (1963).[4] (*Id.* at 2.) He contends that, because the government had alleged that he manufactured counterfeit securities using computer equipment, the report is exculpatory in that it shows that the examined equipment contains nothing to support the charges asserted against him. (*Id.*) He further contends that he did not know about the suppressed report until early August 2002 when he received the document in response to a request under the Freedom of Information Act (FOIA).[5] (*Id.*) He argues that the suppression renders his guilty plea and accompanying waivers involuntary. (*Id.* at 2-3.)

The government argues that movant has shown no suppression of exculpatory evidence. (Resp. at 6.) It further argues that movant waived the right to pursue his current claim in a motion to vacate, and that, in any event, the instant motion is successive and untimely. (*Id.* at 2-6.)

Because this Court has no jurisdiction to consider a successive motion to vacate, *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam), the Court considers that issue at the outset.

## II. SECOND OR SUCCESSIVE MOTION

In May 2001, movant filed a motion to vacate that the Court permitted to be voluntarily withdrawn on August 14, 2001. Later in August 2001, he filed a second motion to vacate in which he alleged that his conviction and sentence resulted from ineffective assistance of counsel and violations of his due process rights, including governmental suppression of "fingerprint tests" in

---

[4] For ease of reference, the Court will refer to such claim as a "*Brady* claim", although it arose in the context of a guilty plea and *Brady* dealt with required disclosures prior to a criminal trial.

[5] Simultaneously with his FOIA request, movant also pursued a request for documents under the Privacy Act (PA). (*See* Letter from Thomas A. Kelly, Acting Special Agent In Charge Freedom of Information & Privacy Acts Officer, to Charles Tamfu (Aug. 6, 2002), attached to Mot. Vacate III as Ex. A [hereinafter Ex. A].) Because there appears to be no difference between the two requests, the Court will collectively refer to them as movant's FOIA/PA request.

violation of *Brady*.[6] (*See* Mot. Vacate II at 3-8.) On November 1, 2001, the government moved to dismiss the second motion to vacate as untimely. (*See* Mot. to Dismiss at 2-4.) On October 15, 2002, the Court denied the motion as untimely. (Mem. & Order of Oct. 15, 2002, at 15.) With respect to the alleged *Brady* violation, it specifically found that the seven months between movant's guilty plea and the finality of his conviction appeared "sufficient to discover the factual basis of his claims that the government suppressed fingerprint tests." (*Id.* at 9.) The Court also specifically declined to construe movant's broad and conclusory statements regarding the suppression of "*Brady* material" as encompassing alleged *Brady* violations not related to the fingerprint tests. (*Id.* at 9 n.5.)

In light of the previous § 2255 motions, the Court must determine whether the instant motion is second or successive within the meaning of that statute.

## A. Applicable Standards

Since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective in April 1996, § 2255 has precluded federal prisoners from filing a "second or successive" motion to vacate in federal court without pre-approval from the relevant court of appeals. Because the statute does not define what constitutes a "second or successive" motion, the courts have undertaken the task of defining the phrase. The courts have recognized that a motion that is literally second or successive is not necessarily second or successive for purposes of AEDPA. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Stated succinctly, not all filed motions to vacate count for

---

[6] In the instant motion to vacate, movant asserts that he has received exculpatory records from the Secret Service related to the "fingerprint tests." (Mot. Vacate III at 2.) However, he specifically omits a claim related to the fingerprint tests from the instant motion. (*Id.*) Instead, he seeks leave to submit alleged exculpatory records "to further substantiate" his prior *Brady* allegation. (*Id.*) The Court denies the requested leave. The records relate to no claim pursued in the instant motion to vacate.

purposes of determining whether a subsequent motion is successive.[7] Consequently, when faced with a subsequent motion to vacate, the Court must first determine whether the prior motion counts for such purposes.

Furthermore, in the Fifth Circuit, a "second or successive" motion must either (1) raise a claim challenging the conviction or sentence "that was or could have been raised" in a prior action or (2) otherwise constitute an abuse of the § 2255 collateral challenge. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). Whether a movant "could have" raised a claim in a prior § 2255 action depends upon whether the claim could have been raised had the movant exercised due diligence to discover the factual basis for the claim and present it to the Court. *See* Rule 2(b) of Rules Governing Section 2255 Proceedings for the United States District Courts (2003) (requiring motions to vacate to "specify all grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge");[8] *see also Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recognizing the due diligence component in the context of a § 2254 petition), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).

---

[7] Although the statute speaks in terms of "second or successive", the issue is succinctly stated in terms of successiveness. In general, the Court will refer to the issue in such terms.

[8] The 2003 version of Rule 2(b) applies to each of movant's motions to vacate. Nevertheless, whether the Court applies the 2003 version or the current version, as amended in December 2004, makes no difference. The rule currently requires motions to vacate to "specify all the grounds for relief available to the moving party." *See* Rule 2(b)(1) of Rules Governing Section 2255 Proceedings for the United States District Courts (2005). Because the new Rule 2(b)(1) was intended to make "no substantive change", *see* Advisory Committee Notes for 2004 Amendments for Rule 2 of Rules Governing Section 2255 Proceedings for the United States District Courts, a due diligence requirement is implicit in the amended rule. A ground for relief is available to the moving party, within the meaning of the amended rule, when the factual basis for such ground was known to the movant or should have been known through the exercise of due diligence.

Consistent with these standards, the Court first considers whether either of movant's prior motions to vacate provide a basis for finding the instant motion "second or successive." Only if it determines that one of the prior motions to vacate counts for purposes of making the instant motion successive will it proceed to consider whether movant did or could have raised his current *Brady* claim in such prior motion to vacate.

## B. Prior Motions to Vacate

As already indicated, movant has filed two prior motions to vacate. The Court dismissed one without prejudice upon a motion to voluntarily withdraw the motion. It denied the other motion as untimely. Unless one of these prior motions count for purposes of successiveness, the instant motion cannot be deemed successive.

### 1. *Voluntarily Dismissed Motion*

In May 2001, movant filed his initial motion to vacate. He thereafter sought to voluntarily dismiss that motion because several grounds were improperly presented, the motion omitted valid grounds, and it "was the artless effort of a layperson without legal training." (*See* Mot. Voluntarily Withdraw § 2255 Mot. [hereinafter Mot. Withdraw] at 1-2.) Because the government had not yet filed an answer or motion for summary judgment, the Court dismissed the motion without prejudice after noting that Fed. R. Civ. P. 41(a) gives parties an absolute right to dismiss an action in such circumstances. (*See* Mem. & Order of Aug. 14, 2001, at 1-2.)

For purposes of AEDPA, the voluntary dismissal of movant's initial motion to vacate provides no basis for finding the instant motion is successive. *See High v. Ignacio*, 408 F.3d 585, 589 n.4 (9th Cir. 2005) (recognizing that a voluntary dismissal without prejudice does not count for purposes of determining whether a later filing is successive); *Thai v. United States*, 391 F.3d 491, 495 (2d Cir.

2004) (per curiam) (same, but also recognizing "that the reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernible"); *Garrett v. United States*, 178 F.3d 940, 943 (7th Cir. 1999) (per curiam) (not counting a prior motion when the movant had unilaterally withdrawn it before the motion was ripe for decision and before the government had answered); *accord Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (recognizing that dismissal without prejudice for lack of exhaustion does not count for purposes of determining whether a later filing is successive); *Stewart*, 523 U.S. at 643-46 (recognizing that not all dismissals for technical procedural reasons count for purposes of determining whether a later filing is successive). Based upon the proffered reasons for withdrawing the first motion to vacate and the reasons for dismissing that motion without prejudice, the facts of this case do not warrant counting the voluntarily dismissed motion for purposes of determining whether the instant motion is successive.[9] Consequently, movant's pursuit of his initial motion to vacate provides no reason to consider the instant motion successive.

   **2.  *Untimely Motion***

In August 2001, movant filed a second motion to vacate, which the Court denied as untimely. Although the Court denied this second motion on procedural grounds, such motion is counted when determining whether the instant motion is successive. A denial based upon untimeliness is not the type of procedural ruling that would make a later-filed motion non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003), *cert. denied*, 124 S. Ct. 2895 (2004); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). A prior untimely motion "count[s] because a

---

[9] Such finding is implicit in the Court's denial of movant's second motion to vacate as untimely. Had that second motion been successive, the Court would not have reached the timeliness question.

...

statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims." *Altman*, 337 F.3d at 766.

Because movant has pursued a prior motion to vacate that counts for purposes of determining whether the instant action is successive, the Court proceeds to determine whether the instant motion is successive under *Orozco-Ramirez*.

## C. Available Claims

When a movant has pursued a prior motion to vacate that counts for purposes of determining whether a subsequent motion is successive, *Orozco-Ramirez* requires a movant to present all available claims related to his conviction and sentence in that prior motion to vacate. *See* 211 F.3d at 867.

> "The requirement that all available claims be presented in a prisoner's [prior] habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Because movant has not previously asserted a *Brady* claim based upon a failure of the government to produce the examination report of the Secret Service, the Court must determine whether he could have raised such claim in his prior motion to vacate.[10] Movant relies upon alleged newly discovered evidence that the government suppressed from him. (Mot. Vacate III at 2.) After pointing out that the Secret Service generated the examining report on June 1, 1999, the government contends that, through the exercise of due diligence, movant should have known the factual

---

[10] This inquiry does not involve determining whether a movant had waived the right to pursue the claim in a motion to vacate or whether the claim is cognizable in a § 2255 motion. The inquiry merely involves determining whether the movant knew or should have known the factual basis for the claim when he pursued his prior motion.

8

predicate of his *Brady* claim prior to pleading guilty in November 1999. (Resp. at 3.) Movant disagrees and argues that he did not obtain the report until the Secret Service provided it on August 6, 2002, pursuant to his FOIA/PA request. (*See* Mot. Vacate III at 2.) In view of the arguments of the parties, the Court considers whether movant acted with due diligence in obtaining the alleged withheld document.

Movant concedes that he did not begin pursuit of his FOIA/PA request until approximately August or September 2000. (*See* Mot. Vacate I (identifying September 2000 as the commencement month); Mot. Withdraw at 1 (identifying August 2000 as the commencement month).)[11] In addition, movant has shown no earlier efforts[12] to obtain documents related to his case. Consequently, there exists a legitimate question regarding movant's diligence in obtaining the alleged suppressed report.

Movant proffers no reason why he did not earlier commence his request under FOIA/PA. He proffers no reason why he did not pursue other avenues to obtain the alleged suppressed examination report. When a person is charged with counterfeiting securities with computer equipment, that person has reason to know that the government would examine the computer equipment and generate a report of its findings. The existence of such a report would be reasonably known to such a person relatively soon in the criminal proceedings whether or not someone actually revealed its

---

[11] The Court notes that petitioner attaches a letter from the Department of the Treasury which indicates that the Secret Service received the FOIA/PA request on March 21, 2001. (*See* Ex. A at 1.) Despite such indication, the Court gives movant the benefit of the doubt and utilizes the months of August and September 2000 as setting forth when movant commenced his FOIA/PA request.

[12] Movant's motion to voluntarily withdraw his first motion to vacate also shows that he made a FOIA request to the Executive Office for United States Attorneys in approximately December 2000. (*See* Mot. Withdraw at 1.)

9

existence. The alleged suppressed report is not the type of document that would remain completely unknown to the defendant.

Under the circumstances present here, it does not appear that defendant acted with due diligence to obtain the alleged suppressed report of the Secret Service when he waited nine or ten months after pleading guilty to pursue his request under FOIA/PA and shows no other efforts were made to obtain the report. From the information before it, the Court finds that, had movant diligently pursued all available avenues to obtain the examination report, he would have known the factual basis for the current *Brady* claim prior to filing his previous motion to vacate in August 2001. Consequently, movant could have raised the claim in his prior motion to vacate, and the instant action is thus successive within the meaning of 28 U.S.C. § 2255.[13]

### D. Authorization for Successive Motion

Because the instant action is successive within the meaning of 28 U.S.C. § 2255, movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[13] The Court also notes that, had it construed the instant motion to raise a *Brady* claim related to fingerprint tests, such claim of itself would have made the instant motion successive because movant clearly pursued such claim in his August 2001 motion to vacate.

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See id.* §§ 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the instant successive motion to vacate. Movant must obtain such an order before filing the motion in this Court.

### E. Dismiss or Transfer

Although the Court may appropriately dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers).

In this instance, movant relies upon alleged newly discovered evidence to present a *Brady* claim to this Court. The submitted report, however, appears insufficient to make a *prima facie* showing that would cause the Fifth Circuit to authorize a successive motion to vacate to raise the *Brady* claim. For that reason alone, the Court may dismiss the instant motion without prejudice pending review by the three-judge panel of the Fifth Circuit Court of Appeals.

## III.  CONCLUSION

For the foregoing reasons, the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 is **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**IT IS SO ORDERED.**

**Dated this 30th day of November 2005.**

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE